UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-574-BO

| | |
|---|---|
| COMPLETE PROPERTY RESTORATION AND WINTERIZING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANNY HILL and PRIMUSEV LLC, )<br>)<br>Defendants. ) | ORDER |

This cause comes before the Court on defendants' motion to dismiss. [DE 11]. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, defendants' motion to dismiss [DE 11] is DENIED.

## BACKGROUND

Plaintiff is a North Carolina limited liability company that provides "maintenance, inspection, repair, improvement, and preservation services on real properties." [DE 1, ¶ 9]. Defendant PrimusEV is a New Jersey limited liability software company and defendant Danny Hill is its sole member. *Id.* ¶¶ 5–6. In December 2014, the parties began discussing the development of an "in-house[,] customized, proprietary enterprise management system" for plaintiff's use. *Id.* ¶ 12. At the time, plaintiff paid a monthly rate of approximately $1,500 per month for enterprise management software that "was not designed specifically" for plaintiff and "lacked features" that plaintiff needed. *Id.* ¶¶ 11–12.

Throughout the month of December 2014, the parties corresponded by phone and by email about the software plaintiff was using at the time, desired features in a customized software program, and pricing. *Id.* ¶¶ 14–54. On December 24, 2014, defendant Hill met with plaintiff's

sole member, Ms. Sandra Frazilus, at plaintiff's office in Cary, North Carolina. *Id.* ¶¶ 54–55. At that meeting, Ms. Frazilus and defendant Hill signed a five-page Statement of Work (SOW) that summarized the "deliverables, due dates, and pricing" that the parties had discussed. *Id.* ¶ 57. Plaintiff alleges that the "SOW did not purport to constitute the entire agreement between the parties." *Id.* The SOW placed the total cost of the project at $56,000. *Id.* ¶ 61. The SOW also provided that the project would be completed by December 15, 2015. *Id.* ¶ 63.

Between December 24, 2014 and April 26, 2016, plaintiff made payments totaling $42,000 to defendant Hill's personal bank account. *Id.* ¶¶ 67–68. Defendants failed to deliver the completed software program by the December 15, 2015 deadline, providing various excuses. *Id.* ¶¶ 69–70. Defendant Hill continued to work intermittently on the project, restarting it in both April 2016 and in October 2017. *Id.* ¶ 71. In July 2018, following another missed deadline, plaintiff discontinued the project. *Id.* ¶¶ 75–76. Between December 2014 and at least November 2018, plaintiff continued to pay a monthly subscription fee for third-party enterprise software that ranged from $5,000 to $7,000 per month. *Id.* ¶¶ 11, 76.

In November 2018, plaintiff initiated this action for breach of contract, alleging that defendants failed to deliver a completed version of the customized enterprise software, either by the December 2015 deadline or any later deadline. *Id.* ¶ 80. In December 2018, defendants moved to dismiss under Federal Rule of Civil Procedure 12, arguing that the Court lacks subject-matter jurisdiction over the action, that the Court lacks personal jurisdiction over the defendants, and that plaintiff has failed to state a claim upon which relief can be granted. [DE 11].

## DISCUSSION

Defendants first move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The existence of subject-matter jurisdiction is a threshold question

that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Defendants also argue that the instant suit must be dismissed under Federal Rule of Civil Procedure 12(b)(2). A suit may be dismissed under Rule 12(b)(2) if a court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Defendants next move to dismiss under Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of

3

conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Each of defendants' arguments is without merit and plaintiff's complaint must not be dismissed. First, it is clear that this Court has subject-matter jurisdiction over the action. Defendants do not dispute that complete diversity of citizenship exists between the parties on plaintiff's state-law breach-of-contract claim, instead arguing that plaintiff has not sufficiently pleaded the jurisdictional minimum. Under 28 U.S.C. § 1332(a), federal courts have jurisdiction where the amount-in-controversy is alleged to be in excess of $75,000. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977)).

Defendants argue that because plaintiff alleges that the contract was valued at $56,000 and plaintiff has only paid $42,000, the amount-in-controversy is not met. But plaintiff has also alleged in good faith damages stemming from continued subscription payments of $5,000 to $7,000 per month since January 2016, when defendants failed to timely deliver the enterprise software for which the parties had contracted. Plaintiff has also pleaded damages for lost profits resulting in the inability to license the promised software to other companies. Taken together, these good-faith allegations clearly establish an amount-in-controversy that exceeds the $75,000 jurisdictional minimum. As such, the Court has subject-matter jurisdiction over this action.

Second, this Court has personal jurisdiction over defendants. Federal courts may exercise personal jurisdiction over a nonresident defendant if (1) "such jurisdiction is authorized by the

long-arm statute of the state in which the district court sits" and (2) "application of the long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). Here, the Court must look to North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, which permits courts to exercise jurisdiction to the "outer limits allowable under federal due process." *Dillon v. Numismatic Funding Corp.*, 231 S.E.2d 629, 630 (N.C. 1977). To determine whether the exercise of jurisdiction over a defendant comports with the Due Process Clause, courts must consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claim [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Universal Leather*, 773 F.3d at 559 (citing *Tire Eng'g v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012)) (alteration in original).

Defendants argue that they did not purposefully avail themselves of the privilege of conducting activities in North Carolina. It is clear, however, that they did. Defendants repeatedly communicated by phone and by email with a North Carolina limited liability company, visited plaintiff's office in Cary, North Carolina to view a demonstration of plaintiff's software and sign a contract, and ultimately delivered a product to a North Carolina company knowing that it could be licensed to other North Carolina companies. There were sufficient minimum contacts between defendants and North Carolina that personal jurisdiction comports with the requirements of the Due Process Clause. The claim in this action arose from those minimum contacts and the exercise of personal jurisdiction in this case is constitutionally reasonable.

Third, plaintiff has plausibly alleged sufficient facts to state a claim for breach of contract upon which relief can be granted. Defendants argue that plaintiff has not plausibly alleged the

5

existence of a legally enforceable contract. This argument, however, is belied by the nature of the parties' relationship. They negotiated deliverables, features, pricing, and deadlines for the proposed software project by phone and email over a period of weeks in December 2014. They signed a five-page document that summarized many of the terms of their agreement. The parties then behaved as though they had a contract from December 2014 until July 2018, with plaintiff paying a $1,000 deposit and then an additional $41,000 in installment payments over the years. Taking plaintiff's allegations as true and viewing the complaint in the light most favorable to plaintiff, the complaint plausibly states that an enforceable contract existed and defendants materially breached it. The breach of contract claim must not be dismissed.

In sum, the Court has subject-matter jurisdiction over the action because plaintiff has alleged in good faith an amount-in-controversy in excess of $75,000, and the Court has personal jurisdiction over the defendants because they have made sufficient minimum contacts with North Carolina such that the exercise of jurisdiction comports with the Due Process Clause. Plaintiff has plausibly alleged that defendants materially breached a legally enforceable contract. Accordingly, defendants' motion to dismiss must be denied.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 11] is DENIED.

SO ORDERED, this 23 day of February, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

6